

**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In | * | | |
| Elizabeth Walker | * | Case | 06-10879 |
| | * | Chapter | 13 |
| | * | | |
| Debtor | * | | |

### *MEMORANDUM OPINION DISMISSING CHAPTER 13 CASE UNDER 11 U.S.C. 521(e)(2)(A)&(B) FOR FAILURE TO FILE REQUIRED DOCUMENTS*

On May 24, 2006, the instant Chapter 13 case was dismissed on oral motion of the Chapter 13 Trustee, Gerard Vetter, who indicated that the case was dismissed as a matter of law for failure of the debtor to comply with Section 521(e)(2)(B) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

**FINDINGS OF FACT**

On February 17, 2006, Elizabeth Walker, the debtor, filed a Chapter 13 bankruptcy petition in this Court. On that date, the debtor filed a Chapter 13 plan, social security verification and a certificate of credit counseling.

The debtor filed two previous Chapter 13 petitions in this District. The first was Case No. 03-57901, filed on June 9, 2003, which was dismissed on December 17, 2003. The second case was Case No. 04-25985, filed on July 1, 2004, and dismissed on November 30, 2004.

On May 17, 2006, Mr. Vetter conducted the meeting of creditors in the instant case. The meeting of creditors had been postponed two times before. The confirmation was scheduled to occur on May 24, 2006. At the hearing, the trustee raised the issue of the debtor's failure to file required documents and the resulting automatic dismissal of the case. The missing documents were alleged to be statements of the debtor's accounts receivables as a practicing attorney in the District of Columbia, information regarding a medical malpractice claim that she filed on behalf of her daughter and copies of income tax returns for the preceding three years. These documents were requested by the trustee at the meeting of creditors.

By the date of the hearing on confirmation of the debtor's plan, she had not filed income tax returns with the Internal Revenue Service for the tax years 2003-5, inclusive. She neither provided the trustee with the 2005 income tax return seven (7) days before the May 17, 2006, meeting of creditors, nor at the confirmation hearing on May 24, 2006.

On May 24, 2006, this Court dismissed the instant case based upon the debtor's failure to provide the required tax returns for the previous year.

## CONCLUSIONS OF LAW

Section 521(e)(2)(A)(i)[1] requires debtors filing petitions under Chapters 7 and 13 to provide to the trustee, prior to the meeting of creditors, a copy of the most recent year's federal tax return and to give a copy to any creditor requesting it.  A transcript of the filing may be provided instead of the return.  Under Section 521(e)(2)(B), the failure to provide the return requires dismissal of the case unless the debtor can show that failure is due to circumstances beyond the debtor's control.

---

[1]Section 521(e)(2) of the Bankruptcy Code provides:

    (2)(A) The debtor shall provide --

    (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

    (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

    (B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e).

The automatic dismissal under Section 521(e) is analogous to that under Section 521(i).  Under Section 521(i), when a debtor fails to file the required documents, including schedules, statements of financial affairs, attorney certificate and payment advises, the clerk enters an automatic dismissal of the case, pursuant to Section 521(a)(1).  The Court has no discretion to reconsider or to extend the deadline provided in the statute.  Automatic dismissal occurs on the 46th day after filing when the missing documents remain outstanding, and the Court has no discretion to extend or to consider arguments of "excusable neglect."  *In re Fawson*, 338 B.R. 505 (Bankr. D. Utah 2006); *In re Williams*, 339 B.R. 794 (Bankr. M.D. Fla. 2006); *In re Sosa,* 336 B.R. 113 (Bankr. W.D. Tex. 2005).

Under 521(e)(2)(B), as under Section 521(i), the case is automatically dismissed for failure to file the previous year's tax return and to provide a copy of that filing to the Chapter 13 trustee.  Contrary to Section 521(i), Section 521(e)(2)(B) affords the debtor the opportunity to prevent the automatic dismissal by showing that the failure to file the tax return and provide a copy to the Chapter 13 Trustee was the result of circumstances beyond the debtor's control.

The debtor did not provide this Court a description of "circumstances beyond the debtor's control" to explain why she had failed to file the tax return and provide a filed copy to the Chapter 13 trustee seven days before the hearing.  She merely indicated that she failed to file the tax return and provide a copy to the trustee because she does not

4

understand the law and her case is complicated.  On the contrary, the Court finds that the case is a straightforward, consumer case, and is not unique in any regard.

WHEREFORE, based upon the debtor's failure to file required documents pursuant to 11 U.S.C. § 521(e)(2)(A), the instant case shall be dismissed pursuant to 11 U.S.C. § 521 (e)(2)(B).

ORDER ACCORDINGLY.

cc:    Elizabeth Walker, *Pro se*
407 Hillsmere Drive
Annapolis, Maryland  21403
Debtor

Gerard R. Vetter, Esquire
7310 Ritchie Highway, Suite 715
Glen Burnie, Maryland  21061
Chapter 13 Trustee

All Creditors